Michael Tiernan, Appellant, *v.* John E. Hinman, Appellee.

APPEAL FROM LA SALLE.

A proviso in a mortgage, that the whole sum shall become due upon failure to pay any instalment *on the day*, is in the nature of a penalty, against which equity will relieve, upon adequate compensation, which is the payment of principal, interest and the costs made, in a proceeding to sell under such a power.

Where, by the terms of an agreement, a larger sum is to be paid upon default of payment of a smaller one on a given day, the provision for the payment of a greater sum is a penalty.

Tiernan v. Hinman.

If parties stipulate for the payment of a sum certain on default of performance of an agreement, such a stipulation will be treated as a penalty, if the damages are not difficult of ascertainment.

THE decree in this case was entered at December term, 1854, of the La Salle Circuit Court, LELAND, Judge, presiding. The facts of the case are stated in the opinion.

C. BECKWITH and GLOVER, and COOK, for Appellant.

HOLLISTER and CAVARLY for Appellee.

SKINNER, J. This was a bill for injunction, filed in the La Salle circuit court, on the seventh day of September, 1854, by Tiernan against Hinman. The injunction was to restrain Hinman from selling certain premises in La Salle county, Illinois, under a mortgage deed of the same, executed by one Easton to Hinman, and containing a power to sell. The injunction was allowed by a judge in vacation. At the December term of the La Salle circuit court, the injunction was dissolved, and the bill dismissed. Tiernan appealed to this court, and assigns for error the decree dissolving the injunction and dismissing the bill.

The record is very voluminous, and only such portions of it will be stated as are material to the point decided in this opinion.

On the first day of July, 1851, Easton executed to Hinman the deed of mortgage.

The mortgage provides for the payment by Easton to Hinman, at the office of the clerk of the circuit court of La Salle county, of $400 on the first day of July, 1853; $850 on the first day of July, 1854; $751.50 on the first day of July, 1855; and the same sum annually thereafter for the years 1856, 1857, 1858 and 1859, without interest. The mortgage deed contains a proviso, that if the money and each installment thereof should not be paid when the same and each of them should become payable, that then, the whole moneys in said mortgage mentioned, and every installment thereof, should immediately become due; and that thereupon said Hinman might proceed to sell the mortgaged premises to pay the whole amount. After the execution and recording of the mortgage deed, Tiernan purchased the equity of redemption, under Easton. Hinman lived in Utica, New York, and Tiernan in Chicago, Illinois. A correspondence between them, concerning the mortgage debt, took place, and was continued from time to time, up to July, 1854.

The installments of 1852 and 1853 were paid by drafts, forwarded by Tiernan to Hinman, and were accepted, though not paid, at the precise times due. At the time the installment of

26

1854 became due, the cholera prevailed in Chicago, and business, to a great extent, was suspended in consequence thereof, and for some time before and after the first day of July, 1854, negotiations, for new arrangements concerning the payment of the mortgage debt, were going on between Tiernan and Hinman, but no final arrangement was made.

On the twenty-eighth day of August, 1854, Hinman, by his attorney, advertised the mortgaged premises for sale under the power of sale contained in the mortgage. Afterwards, and before the day of sale, Tiernan tendered to Hinman's attorney the installment due first of July, 1854, with interest and costs then accrued, which was refused; but, before filing this bill, the amount was paid and accepted, with a stipulation that the acceptance of the same should not prejudice Hinman in such rights as he then had by reason of the non-payment at the time due.

The circuit court should have entered a decree enjoining sale upon condition that payment be made of the sums thereafter to become due, as they respectively fell due. We regard the proviso in the mortgage, that the whole sum shall become due upon failure to pay any one of the installments *on the day,* a provision *in terrorem* and in the nature of a penalty, against which equity will relieve upon adequate compensation. There is no difficulty in this compensation. It is the payment of the installment due, the interest accrued thereon, and the costs incurred in the proceeding to sell under the power.

This is done, and Hinman is thereby, in contemplation of equity, placed in the same condition he would have been had the installment been paid on the day it became due. But Hinman seeks to collect the whole mortgage debt, by reason of the non-payment of a small portion thereof *on the day.* If he is allowed to do so, a considerable sum of money, in the way of interest, is forfeited by the mortgage to him; for there is no substantial difference in the forfeiture of a sum of money in the shape of interest, or of a named sum as a penalty.

The installments extend through a series of years up to 1859, and are without interest.

The proviso, if operative, works a forfeiture of the use of the money for the period of credit provided for, which use, or credit, is of the substance and essence of the contract, has a legal value, and is capable of ascertainment by computation. To deprive the mortgagor, then, of this credit, without a rebate of interest, is to take from him without consideration so much money as the interest on the instalments not due, for the periods they respectively run, amounts to.

This can be nothing else than a penalty, which equity will always relieve against. Where, by the terms of a contract a

greater sum of money is to be paid, upon default in the payment of a lesser sum at a given time, both courts of law and equity will hold the provisions for the payment of the greater sum to be a penalty. And even where the parties stipulate for the payment of a sum certain on default of performance of an agreement, such stipulation will be treated as a penalty, if the damages are not difficult of ascertainment. *Skinner* v. *Dayton*, 2 Johns. Chan. R. 526; 7 Vesey's Chan. R. 273; 2 Vernon's Chan. R. 316; 6 Bingham's R. 141; *Lansing* v. *Capron et al.*, 1 Johns. Chan. R. 617; 18 Johns. R. 219; 6 Munford's R. 71; 6 Iredell's R. 65; *Carpenter et al.* v. *Lockhart*, 1 Carter's Ia. R. 435; 1 Denio's R. 464; 22 Wendell's R. 163; 9 Paige's Chan. R. 101; *Low and Chapin* v. *Notte*, decided at the present term; *Broadwell* v. *Broadwell*, 1 Gil. 600.

The case of *Ottawa Plank Road Company* v. *Murray*, is not in conflict with this opinion. 15 Ill. R. 337.

In that case the mortgage and bond provided for payment of interest at ten per cent. per annum, payable semi-annually, and provided that if the interest should not be paid when due, the principal should immediately become due. There no forfeiture, in contemplation of law, could arise. If the money was not paid, it drew interest; if paid, the interest stopped with the payment.

Decree reversed and cause remanded.

*Decree reversed.*