## SAMUEL T. BANE

*v.*

## ASAHEL GRIDLEY.

1. PENALTY—*equitable relief against.* Where a gross sum is to be paid because a less sum is not paid at a particular day, this is strictly a penalty, and the larger sum becomes due at once, in case of non-payment at the day. From such a penalty a court of chancery will relieve on slight grounds.

2. SAME—*whether penalty or liquidated damages.* Where a promissory note contained a clause, that "if not paid promptly at maturity," for the payment of "thirty per cent per annum thereafter as liquidated damages for non-payment:" *Held,* that this was not a penalty in a strict sense, but the increased interest was merely liquidated damages accruing from day to day, from which relief could be had at any time by payment, and therefore involving no special hardship calling for interference by the courts.

3. PROMISSORY NOTE—*liquidated damages for non-payment at maturity.* Where the makers of a promissory note promise therein to pay the principal by a day named, and if not paid at maturity, thereafter to pay thirty per cent per annum as liquidated damages, the increased rate of interest may be recovered in case of default of payment when due.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action of assumpsit, brought by Asahel Gridley against Samuel T. Bane, on the following promissory note:

"$500.                    BLOOMINGTON, ILL., March 18, 1869.

December the twenty-fifth after date, for value received, we jointly and severally promise to pay J. H. Cheney, or order, at the McLean County Bank, the sum of five hundred dollars, and if not promptly paid at maturity, thirty per cent per annum thereafter as liquidated damages for non-payment.

J. C. PIERSON,

J. S. PIERSON,

SAMUEL T. BANE."

The note was indorsed by Cheney to the plaintiff. On the trial below, defendant's counsel argued and insisted that the damages could not exceed the principal of the note, and interest thereon after its maturity at the rate of six per cent per annum, or, at most, at ten per cent per annum; but the court, in the assessment, assessed the damages at the face of the note and thirty per cent per annum thereon from maturity, and rendered judgment accordingly. From this judgment the defendant appealed. No plea of usury was interposed.

Messrs. WELDON & BENJAMIN, for the appellant.

Messrs. WILLIAMS & BURR, and Mr. E. M. PRINCE, for the appellee.

Per CURIAM: This case is precisely like *Lawrence* v. *Cowles,* 13 Ill. 577; *Smith* v. *Whitaker,* 23 ib. 367; *Bishop Hill Colony* v. *Edgerton,* 26 ib. 54; *Gould* v. *Bishop Hill Colony,* 35 ib. 324, and *Davis* v. *Rider,* 53 ib. 416. We are not inclined to overturn a rule so firmly settled in this court. It is urged by counsel that the rate of interest which the note was to draw after maturity, was a penalty to secure the payment of a smaller sum, and therefore to be relieved against in chancery, and not to be recovered at law, and that the cases above cited

were decided only in reference to the question of usury. But the court could hardly have decided all these cases without considering both these questions, and evidently did not regard a merely increased rate of interest in consequence of non-payment at maturity, as a penalty, in the sense in which a gross sum is a penalty when it is to be paid because a less sum is not paid at a particular day. In the last case the gross sum becomes due at once, in case of non-payment at the day, and is strictly a penalty, from which a court of chancery will relieve on slight grounds, as in *Tiernan* v. *Hinman*, 16 Ill. 400, cited by counsel for appellee. But in cases like the one at bar, this court has evidently treated the increased interest as merely liquidated damages accruing from day to day, of which the party can, at any time, relieve himself by payment, and therefore involving, ordinarily, no special hardship calling for interference by the courts.

The judgment must be affirmed.

*Judgment affirmed.*