## ISAAC V. BROKAW ET AL.
### v.
## CORNELIUS R. FIELD ET AL.

*Mortgages—Foreclosure—Limitations—Husband and Wife.*

1. The makers of a mortgage are estopped from denying the indebtedness set forth therein.

2. The recitals in a mortgage. setting forth the existence of a debt, accompanied by an agreement to pay the same, are " evidences of indebtedness in writing," within Sec. 16 of the act concerning limitations.

3. Where, under the terms of a mortgage, the whole debt does not become due by default in the payment of interest, and proceedings to sell under such default are begun, a tender of the sum due, with interest and expenses, will be sufficient ground for bringing the same to an end.

4. In the case presented, this court holds that both the legal and equitable estates were conveyed by the mortgage given, and that the debt of the husband was a valid consideration for the giving thereof.

5. The burden of proving the discharge of property standing in the relation of surety, by an extension of the time of payment of a debt, is upon the person contending the same was made.

[Opinion filed May 8, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. THOMAS DENT, for appellants.

Messrs. JAMES K. EDSALL and HENRY W. MAGEE, for appellees.

Brokaw v. Field.

Gary, J.  The record shows that December 27, 1872, the appellee Field, as trustee for Harriet M. Harvey, wife of James M. Harvey, and the said Harriet and James, executed a mortgage to the appellants to secure to them the sum of $10,032.65, which the mortgage recited that James owed them for merchandise.  The mortgage was not accompanied by any extrinsic evidence of, but recited that James had agreed to pay the indebtedness, on or before three years thereafter, with semi-annual interest.

July 22, 1884, the original bill, in usual form, was filed to foreclose.  There was no reason why the foreclosure should not have been had without delay, upon the original bill; but by amendments, demurrers, pleas, answers, exhibits, depositions and oral testimony the record has grown to a bulk of over 350 pages, and still there is no reason why the mortgage should not be foreclosed.  The amendments by the appellants have brought in a great deal of surplusage, but the facts of the execution of the mortgage, and that the indebtedness has never been paid, stand uncontested upon the record, the bill having been dismissed without the introduction of any evidence by the appellees.  In 1877 James M. died, and the indebtedness was not presented in the course of administration as a claim against his estate.

The recitals in the mortgage estop the makers of it to deny the indebtedness as therein stated.  This rule has been so often repeated that it seems useless to refer to cases.  They run from Crisman v. Mathews, 1 Scammon, 148, through a large part of the subsequent volumes of the Illinois reports.  Conger v. Lancaster, 6 Yerg. 477; Newbury v. Rutter, 38 Iowa, 179, and Jones on Mtg., Secs. 677, 1225, show that the recitals of the existence of the debt and of the agreement of James M. to pay it, are " evidences of indebtedness in writing," to which the limitation is ten years, under Sec. 16 of the act in regard to limitations.  If he had given his note for the debt, and the mortgage had been to secure it, it would have been no better than it is in the present shape.

Whether there were defaults in the payment of interest more than ten years before the filing of the bill or not, is now

of no importance. Those installments of interest have been
paid. If they had not been, it may be that such of them as
became due more than ten years before suit would have been
barred, but that is by no means certain. Grafton Bk. v. Doe,
19 Vt. 463.

The provision in the mortgage that upon any such default
it should be lawful to sell, does not in terms, or by construc-
tion make the whole debt due, by such default of the interest.
It does not provide that the sale shall be to pay the whole
debt, and no sale for more than the interest due could be
made under it, unless, perhaps, the premises not being sus-
ceptible of division, the sale must be of all or not at all. And
even then it seems that the appellants could only retain the
amount due, and their security for the residue of the debt would
be gone. Smith v. Smith, 32 Ill. 198. Such a provision is a
mere privilege to the creditor; inoperative, and of no effect,
unless he elects to avail himself of it. Cleaver v. Herbert,
61 Ill. 126; Barbour v. White, 37 Ill. 164; Richardson v. War-
ner, 28 Fed. R. 343.

And if proceedings to sell on such default had been com-
menced, a tender of the sum due, with interest upon it and
expenses, would have been sufficient ground for stopping
them. Tiernan v. Hinman, 16 Ill. 400; Bane v. Gridley, 67
Ill. 388. The debt, therefore, was not due, and the statute of
limitations did not begin to run until December 27, 1875, and
the bill was filed within ten years thereafter.

If the statute of 1874, in relation to the relief of sureties
when the principal debtor dies and the claim is not within
two years presented against his estate, can apply to this case,
it will only reduce the mortgage so much as the parties
resisting the foreclosure shall show would have been paid in
the course of administration. All of the matter in this
record as to the charge of the goods to Mrs. Harvey, the
agreement of February 29, 1872, to give a mortgage, the
$10,000 bond and mortgage never used, and all the evidence.
except the mortgage itself and that relating to taxes, is sur-
plusage. There is nothing in the objection that Field, as
trustee, could not mortgage. His execution of the mortgage

carried the legal estate.    Dawson v. Hayden, 67 Ill. 52; Graham v. Anderson, 42 Ill. 514; Reece v. Allen, 5 Gilm. 236.    By joining in it Mrs. Harvey and her husband carried the equity.    Sec. 18, Act 1872, Conveyances.    His debt was a valid consideration.    Edwards v. Schoeneman, 104 Ill. 278.

The decree must be reversed and the cause remanded.    The appellants are entitled to the same remedy upon the mortgage, and no other, that they would be entitled to if they had now to present to the court the promissory note of James H. Harvey properly described in the mortgage, to the same effect as his agreement there is recited.    It makes no difference in the case whether Mrs. Harvey is a defendant in her capacity as executrix or not; no additional costs are made thereby.

This record could not be made intelligible to any but those conversant with the case, within any reasonable limits, and therefore no effort is made to state all the facts, and the law applicable to them, as their like will never happen again.

If there was any extension of the time limited for payment of the debt, without the consent of Mrs. Harvey, by which her property standing in the relation of surety, was discharged, the burden of proving such extension is upon her.    Stearns v. Sweet, 78 Ill. 446.

*Reversed and remanded.*