MARGARET E. HOODLESS

*v.*

SIMON REID *et al.*

*Filed at Ottawa January 22, 1885.*

| 112 | 105 |
| 137 | 464 |
| 112 | 105 |
| 51a | 301 |
| 112 | 105 |
| 101a | 2 206 |
| 112 | 105 |
| 201 | 3 445 |
| 201 | 5 446 |

1. PAYMENT—*giving a promissory note—whether regarded as a payment of the original demand.* The giving of a 'promissory note for an open account is *prima facie* a payment of the account. In such case the original demand is merged in the higher form of security, but it is no actual payment. The note may be returned, and an action maintained on the original cause of action. But this principle as to the giving of the higher security being regarded in any sense as payment, has no application to the giving of a promissory note for borrowed money.

2. SAME—*giving of interest coupon notes—whether a payment of the interest, in respect to power of sale under trust deed as for interest due and unpaid.* A borrower of money gave his promissory note for the principal, payable five years after date, with eight per cent interest, payable semi-annually, until the principal sum should be fully paid. The several installments of the interest during the period of five years were further evidenced by ten interest notes or coupons, of even date with the principal note, and attached thereto, and bearing interest after maturity. The principal note was secured by trust deed containing a power of sale in case of default in the payment of any installment of interest, and on default a sale was made by the trustee. It was contended that the giving of the coupon notes, bearing interest, was a payment of all the interest for five years, and hence no sale could be made, under the power, until the principal note matured; *Held,* that the giving of the interest notes could not be regarded as any payment of the installments of the interest.

3. SALE UNDER TRUST DEED—*accelerating maturity of debt by nonpayment of installments of interest.* Parties may, by contract, make the time given for payment of the principal debt depend upon the prompt payment of the several installments of interest when due, and provide, either in the note, or mortgage securing the same, that a failure to make payment of any installment of interest shall work a forfeiture of the credit, and make the entire debt due at once.

4. SAME—*relief against such acceleration, in equity.* Where a deed of trust contains a power of sale in case of default in the payment of any installment of interest when due, and giving the right to declare the whole debt due, a court of equity will not set aside a sale made under such a power, merely upon the ground of relief against forfeitures.

5. SAME—*personal notice—whether necessary.* Unless the deed of trust so requires, personal notice of the time and place of the sale need not be given to the mortgagor or debtor, nor is it necessary to give him personal notice of the intention to exercise the option to make the whole indebtedness become due on failure to pay the interest.

6. SAME—*inadequacy of price.* The fact that property sold under a power in a deed of trust does not bring as much as it could be made to bring at private sale, by judicious management and unusual advertising, is no sufficient reason for setting aside such a sale, where there have been no unfair or fraudulent practices.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

The bill in this case was brought by Margaret E. Hoodless, against Simon Reid, Thomas Murdoch, Frederick Fischer, and L. C. Paine Freer, and its object was to establish the right of redemption of complainant in and to certain premises described in the bill, and which had been previously sold by Freer under the provisions of a trust deed made by complainant to Freer, as trustee for Reid, Murdoch and Fischer, which were at such sale bought by Reid, and to require Reid to account to complainant concerning the rents of the premises received by him, and also to surrender such premises to complainant, and for other relief. To the bill setting up the grounds upon which relief was demanded, defendants filed their answer, to which a replication was also filed. On a hearing of the cause in the circuit court, upon the pleadings, and testimony adduced in open court, both oral and written, it was found complainant was not entitled to relief, and her bill was dismissed. Complainant brings the case to this court on error.

Mr. EDWARD ROBY, for the plaintiff in error:

A court of equity will relieve against a penalty or forfeiture on making compensation. *Brown* v. *Gaffney,* 28 Ill. 149; *Skinner* v. *Dayton,* 2 Johns. Ch. 534.

The giving of a note for an account is *prima facie* a payment of it. *Smalley* v. *Eddy,* 19 Ill. 207 ; *Yates* v. *Valentine,* 71 id. 643.

The coupon notes may be severed and negotiated before the maturity of the interest they represent, and thus pass as separate and independent securities, like other commercial instruments. 2 Daniell on Neg. Inst. sec. 1489 ; *Arents* v. *Commonwealth,* 18 Gratt. 776 ; *Clark* v. *Iowa City,* 20 Wall. 584 ; *Commissioners* v. *Aspinwall,* 21 How. 539 ; *Thomson* v. *Lee County,* 3 Wall. 327 ; *Town* v. *Culver,* 19 id. 84 ; *Beaver County* v. *Armstrong,* 44 Pa. 63 ; *Evertson* v. *Nat. Bank of Newport,* 11 N. Y. (4 Hun,) 695 ; *Spooner* v. *Holmes,* 102 Mass. 503 ; *Commonwealth* v. *Emigrant Association,* 98 id. 12 ; *Nat. Exchange Bank* v. *Railroad Co.* 8 R. I. 375 ; *Langston* v. *Railroad Co.* 2 S. C. 249.

Interest on the coupons is also covered by the mortgage. *Gilbert* v. *Railroad Co.* 33 Gratt. 599 ; *Tarleton* v. *Backhouse,* Cooper's Ch. 231 ; *Langston* v. *Railroad Co.* 2 S. C. 249 ; *Johnson* v. *County of Stark,* 24 Ill. 75.

If stolen and sold, the property in these coupons would be as complete in the holder as if they were coin. *Arents* v. *Commonwealth,* 18 Gratt. 777 ; *Murray* v. *Lardner,* 2 Wall. 110 ; *Davis* v. *Miller,* 14 Gratt. 1 ; *Goodman* v. *Simonds,* 20 How. 365.

The provision in the mortgage making the whole debt mature, is a penalty, against which equity will relieve on slight grounds. *Tiernan* v. *Hinman,* 16 Ill. 400 ; *Bane* v. *Gridley,* 67 id. 388 ; *Carpenter* v. *Lockhart,* 1 Ind. 443 ; *Raymond* v. *Caton,* 24 Ill. 123.

Forfeiture can not be taken advantage of without a demand at the time and place fixed. *Chadwick* v. *Parker,* 44 Ill. 331 ; *Woodward* v. *Cone,* 73 id. 241 ; *Burt* v. *French,* 70 id. 254 ; *Chapman* v. *Kirby,* 49 id. 215 ; *Cone* v. *Woodward,* 65 id. 478.

Notice of the election to declare the whole sum due, must be given. *Life Ins. Co.* v. *Pearce,* 75 Ill. 426 ; *Palmer* v.

*Ford,* 70 id. 369; *Basse* v. *Gallegher,* 7 Wis. 442; *Marine Bank* v. *International Bank,* 9 id. 57; *Wilson* v. *Winter,* 6 Fed. Rep. 16; *English* v. *Carney,* 25 Mich. 178; *Mallory's case,* 5 Co. Rep. 113; *Molyneaux* v. *Molyneaux,* Cro. Jac. 146.

Mr. FRANK J. CRAWFORD, for the defendants in error:

The giving of the coupons did not, as between the parties to the loan, pay the interest installments, nor was it so intended. Story on Prom. Notes, secs. 105, 404, 438; *Watkins* v. *Hull,* 8 Pick. 522.

A stipulation that the whole sum shall become due and payable upon any default in the payment of any part of the principal or interest, is universally held to be legal and valid. It is not objectionable as being in the nature of a penalty or forfeiture. 1 Jones on Mortgages, secs. 76, 1181; *Railway Co.* v. *Murray,* 15 Ill. 336; *Harper* v. *Ely,* 56 id. 179; *Heath* v. *Holt,* 60 id. 344; *Chapin* v. *Billings,* 91 id. 539; *Gibbons* v. *Hoag,* 95 id. 45; *Cundiff* v. *Brokaw,* 7 Bradw. 147; *Richards* v. *Holmes,* 18 How. 143; *James* v. *Thomas,* 5 B. & A. 44; *Steele* v. *Brandpeld,* 4 Taunt. 227; *Stanclift* v. *Norton,* 11 Kan. 218; *First Nat. Bank* v. *Peck,* 8 id. 660; *Hale* v. *Gouverneur,* 4 Edw. Ch. 207; *Noyes* v. *Clark,* 7 Paige's Ch. 180; *Crane* v. *Ward,* Clarke's Ch. 219; *Pope* v. *Hooper,* 6 Neb. 181; *People ex rel.* v. *Superior Court,* 19 Wend. 103; *Ferris* v. *Ferris,* 28 Barb. 29; *Valentine* v. *Van Wagner,* 37 Barb. 60.

Where several instruments in writing are made at the same time, relating to the same subject matter, they may be regarded as a single instrument, and construed together. *Canterberry* v. *Miller,* 76 Ill. 355; *Railroad Co.* v. *Barnett,* 95 id. 195; *Harper* v. *Ely,* 56 id. 180; *Denby* v. *Graff,* 10 Bradw. 195.

Personal notice of sale is not necessary, unless it is so provided. *Marston* v. *Brittenham,* 76 Ill. 611; *Loan and Trust Co.* v. *Munson,* 60 id. 374; *Cundiff* v. *Brokaw,* 7 Bradw. 147.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The facts out of which the questions of law discussed arise, are so few and simple that no controversy exists as to them. On the 31st day of October, 1876, complainant borrowed of defendants Reid, Murdoch and Fischer the sum of $7000, for the period of five years from that date, for which she agreed to pay them interest thereon at the rate of eight per cent per annum. As evidence of such loan and indebtedness complainant executed and delivered her promissory note to Reid, Murdoch and Fischer, bearing date October 18, 1876, and payable five years after date, for the sum of $7000, with interest thereon at the rate of eight per cent per annum, payable half yearly, viz., on the 30th day of April and the 31st day of October in each year, until the principal sum should be fully paid. The several installments of interest to become due during the period of five years were further evidenced by ten interest notes or coupons, of even date with the principal note, and were attached thereto as coupons are usually attached. Each coupon was for one-half year's interest on the sum borrowed, as provided in the principal note, and each, like the principal, was to bear interest after maturity, at the rate of ten per cent per annum. To secure the principal sum borrowed, with the interest thereon, complainant executed and delivered to L. C. Paine Freer a mortgage or trust deed on the premises in controversy, which mortgage or trust deed contained the usual power of sale, and further provided that in case default should be made in the payment in any or either of the notes or coupons therein mentioned, whether for principal or interest, on the day on which the same, or either thereof, should become due and payable, "then all and each of the moneys secured to be paid by this indenture, shall, upon any such default, become immediately due and payable, anything herein contained, or in said promissory notes contained, to the contrary notwith-

standing." Afterwards, default was made in the payment
of the installments of interest that fell due October 31, 1878,
and April 30, 1879, (being $280 each,) and also in the pay-
ment of $28, part of the installment which fell due April 30,
1878. The trustee named in the deed, at the instance and
request of the legal owners and holders of such indebtedness,
after having advertised the premises in accordance with the
terms of the trust deed, did, on the first day of July, 1879,
sell the premises to Simon Reid, he being the highest bidder
therefor, and made him a trustee's deed for the same, in
the usual form. Reid, the purchaser of the property at the
trustee's sale, was one of the owners of the indebtedness
secured, and no doubt his purchase was made for the benefit
of all the parties interested.

A very great number of objections have been taken, both by
the bill and on the argument, to the validity of the trustee's
sale, and to the title defendants acquired thereunder. Pre-
liminary to the brief discussion that is to follow, it is proper to
say that every objection taken to the validity of the trustee's
sale and deed has been fully considered, and while it is not
deemed necessary to remark *seriatim* on them, they never-
theless have all been fully considered, and the conclusion
reached is in harmony with the decision of the circuit court
that complainant is not entitled to the relief asked by her bill.

As the insistence of counsel is understood, the taking of
separate notes or coupons for the interest on the principal
sum borrowed, was payment of the interest on the $7000
note for the full period of five years it had to run. The
argument proceeds on the hypothesis the interest notes or
coupons attached to the principal note are negotiable as other
commercial paper, and that the payees might assign them
separately from the principal note, and the taking of such
notes in some way operated as payment of the interest for
the entire period the principal note had to run, and for that
reason the principal debt was not due when the sale was

made, and that the trustee could in no event sell until all the notes had become due according to their terms,—that is, the principal note and all the coupons. Undoubtedly, the giving of a promissory note for an open account is *prima facie* payment of the account. It is merged in the higher form of security, but it is no actual payment.. The note, when due, may be surrendered, and the action maintained on the original cause of action. That principle, however, has no sort of application to the giving of a promissory note for borrowed money. It is in no sense a payment, or any evidence of payment, of borrowed money, although the evidence of such indebtedness is negotiable at common law and under the statute of this State. The position taken on this branch of the case has really nothing in its support, in law or otherwise, that makes it necessary to elaborate the argument.

Another point made, is the provision of the mortgage or trust deed under which the sale was made,—in case default be made in either the indebtedness or money secured by that instrument, on the day on which the same shall become due and payable, to sell and dispose of such premises, or any part thereof, and all the right, title and equity of redemption of the mortgagor, and out of the proceeds of such sale, after paying all expenses, then to pay the principal of such note, (that is, the principal note and coupon,) whether due and payable by the terms thereof, or not; and the interest due or accrued on such notes up to the time of sale is inserted in the mortgage to insure the payment of the note for principal and interest, and that against such penalty equity will relieve on the slightest grounds. The question involved in this proposition is not now open for discussion in this court. It was ruled in *Ottawa Plank Road Co.* v. *Murray,* 15 Ill. 336, that where, by the terms of the mortgage, the principal sum secured was to become due on a failure to pay the interest promptly, by default in that respect the mortgage was forfeited. The case of *Tiernan* v. *Hinman,* 16 Ill. 400, so con-

fidently cited by counsel, is not in conflict with *Ottawa Plank Road Co.* v. *Murray*, as the court expressly said in its opinion, for the reason the mortgage and bond in that case provided for payment of interest at ten per cent per annum, payable semi-annually, and provided that if the interest should not be paid when due, the principal should immediately become due. There, no forfeiture, in contemplation of law, could arise. If the money was not paid, it drew interest; if paid, the interest stopped with the payment. That is precisely the fact in the case now being considered. The rule adopted in *Ottawa Plank Road Co.* v. *Murray* has been followed in so many subsequent cases in this court, that it will now be regarded as the settled law in this State, and no further discussion will be had in regard to it. *Harper* v. *Ely*, 56 Ill. 179; *Heath* v. *Holt*, 60 id. 344; *Chapin* v. *Billings*, 91 id. 539; *Gibbons* v. *Hoag*, 95 id. 45.

Complaint is made that no personal notice was given to the mortgagor of the time and place of the sale to be made by the trustee. A sufficient reason for the omission to give such notice is, no personal notice was required, by the conditions of the mortgage, to be given before making the sale. (*Marston* v. *Brittenham*, 76 Ill. 611.) But aside from this view, it appears from the evidence complainant had actual notice of the time and place of the sale, and that is all the law would require, in any event. Nor was it necessary to give the debtor personal notice of the intention to exercise the option to make the whole indebtedness become due on failure to pay the interest. *Princeton Loan and Trust Co.* v. *Munson*, 60 Ill. 371.

It is also made a ground of complaint, the property at the trustee's sale sold for an inadequate price. The evidence on this branch of the case has been fully examined, and while it may be, and is, doubtless, true, the property sold for less than its real value, the price at which it was bid off is not so inadequate as to shock the judgment or raise any pre-

sumption of fraud. The sale was duly advertised, and an effort was made by the trustee to secure the attendance of bidders. Among those present was a son of the mortgagor, but no one appeared that was willing to bid more for the property. It is not to be expected the property would bring as much at a forced sale as it could be made to do at a private sale, by judicious management and by unusual advertising, and because it does not, it is no sufficient reason for setting aside a sale under a power, where there have been no fraudulent or unfair practices.

On the whole case considered, no ground is perceived on which any relief could be granted to complainant, and the decree of the circuit court must be affirmed.

*Decree affirmed.*