GAY DORN

*v.*

JENNIE B. COLT.

*Opinion filed June 17, 1899.*

PARTIES—*legal holder of notes may file bill to foreclose deed of trust.*
The legal holder and owner of notes secured by a trust deed may
file a foreclosure bill in his own name, making the trustee a de-
fendant, notwithstanding the deed provides that the grantee or
his successor in trust may enter and file a bill in his own name
and obtain a decree of sale.

*Dorn* v. *Colt,* 79 Ill. App. 656, affirmed.

APPEAL from the Appellate Court for the First Dis-
trict;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. H. M. SHEPARD, Judge,
presiding.

CHARLES PICKLER, for appellant.

MANN & MILLER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

In the superior court of Cook county appellee, Colt,
obtained a decree foreclosing a deed of trust as a mort-
gage, and for the sale of the property. On Dorn's appeal
the Appellate Court affirmed the decree. On this his fur-
ther appeal Dorn insists that appellee had no right to file
the bill in her own name, but that it should have been
brought by the trustee.

Appellee was the legal holder and owner of the notes
secured by the deed of trust and was the proper party
complainant. The trustee was made a defendant. The
mere fact that the deed of trust provided that in case of
default in payment it should be "lawful for the grantee
or his successor in trust to enter,  *  *  *  and in his
own name, or otherwise, to file a bill in any court of com-
petent jurisdiction to obtain a decree of sale," etc., did

not deprive appellee of her right to file the bill in her own name. (*Cheltenham Improvement Co.* v. *Whitehead*, 128 Ill. 279.) No other point is made by appellant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*