### Ellen A. Surine et al. v. Joseph Winterbotham.

1.  PARTIES—*In Foreclosure Suits.*—The holder of the indebtedness secured, is a proper party to file a bill to foreclose a trust deed.

2.  PRESUMPTIONS—*Holder of Notes Indorsed in Blank Presumed to be the Owner.*—The holder of notes indorsed in blank, will be presumed to be the owner, where no one makes an adverse claim.

**Foreclosure of a Trust Deed.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1900.    Affirmed.    Opinion filed July 18, 1901.

This suit was brought by appellee to foreclose a trust deed upon real property.    Appellants were the owners of the equity of redemption.    The trust deed released homestead rights and it provided that in default of payment of principal or interest when due, or in event of non-payment of taxes by appellants, the legal holder of the promissory notes secured by the trust deed might elect to declare the entire indebtedness due and payable, and that upon application of the holder of the note a receiver might be appointed

to take charge of the mortgaged premises and collect the rents, etc. ' The appellants answered the bill of complaint, denying that appellee was the legal holder of the notes secured by the trust deed, and denying default in payment of interest or taxes.

The court, upon petition of the complainant, appointed a receiver by interlocutory order during the pendency of the suit.

The cause was referred to a master in chancery. A hearing was had before the master, and he reported, finding that complainant was the holder and owner of the notes in question, and that there had been default by appellants in payment of interest, and that appellee had elected to declare the entire mortgage indebtedness due under the terms of the trust deed.

Upon the coming in of the master's report, the court overruled appellants' exceptions thereto and decreed a foreclosure. From that decree this appeal is prosecuted.

WM. E. HUGHES, attorney for appellants.

JOHN W. ELLIS, attorney for appellee; CHESTER FIREBAUGH, of counsel.

MR. JUSTICE SEARS delivered the opinion of the court.

It is contended by counsel for appellants that this suit should have been brought in the name of the trustee named in the trust deed, and that it could not be maintained in the name of appellee, the holder of the notes secured. There is no merit in this contention. Cheltenham Co. v. Whitehead, 128 Ill. 279; Dorn v. Colt, 180 Ill. 397; Town v. Alexander, 85 Ill. App. 512.

It is also contended that appellee could not maintain the suit, because he was not the owner of the notes secured by the trust deed. Appellee being the holder of the notes, which were indorsed in blank, it will be presumed that he was the owner, no one making adverse claim thereto. Hutchinson v. Crane, 100 Ill. 269.

And in this case the evidence does affirmatively establish that he was the owner.

Finally, it is urged that the court below erred in appointing a receiver. But the trust deed provided therefor, and the allegations of the verified petition are sufficient to warrant the appointment. The findings of fact in the order of appointment support the order. The argument of counsel as to the homestead rights of appellants is of no force because of the release of all homestead rights by the execution of the trust deed, which specifically provided for such release.

No other reason is presented for disturbing the decree. It will therefore be affirmed.