The Lincoln National Bank of Lincoln, Illinois, et al., Appellants, v. Walter J. Mundy et al., Appellees.

1. FORECLOSURE—*when right to, not affected by penalty clause.* The right to declare the principal sum secured by a mortgage as due for default in payment of interest, is independent of any provision connected with the clause which gives the right to declare the principal sum due and providing for the imposition of a penalty because of the default, and even though the right to the penalty may be denied in equity, the *right to foreclose is undoubted and should not be denied.*

2. FORECLOSURE—*rights of assignee in note.* The assignee of a note secured by a mortgage or trust deed has all the rights and privileges conferred by the trust deed, including that of declaring the principal due for default in payment of interest.

Foreclosure. Appeal from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed June 19, 1911.

HOBLIT & SMITH and BEACH & TRAPP, for appellants.

BLINN & COVEY, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

On July 5, 1907, Walter J. Mundy executed and delivered to Margaret A. Mundy his five certain promissory notes, each for the sum of $5,000, payable at the First National Bank of Lincoln five years after date with interest payable annually at the rate of six per cent per annum from date, together with twenty-five interest coupon notes for the sum of $300 each, payable in one, two, three, four and five years at said bank, with interest after maturity at the rate of seven per cent per annum; and to secure the payment of said principal notes and said interest coupon notes he executed and delivered to said Margaret A. Mundy a mortgage upon 205 acres of land in Logan county, Illinois. The mortgage provided for the payment by the mortgagor of the monies thereby secured at maturity and the payment of an attorney's fees of $250 in case suit was instituted to foreclose the same. There were further provisions in said mortgage, as follows:

"And it is covenanted and agreed, That if default shall be made in the payment of the said notes, or if there shall be a failure to comply with any and every condition of this mortgage, then the whole of the indebtedness secured hereby, including all payments, either for liens, taxes, . . . shall at the option of the second party become due and collectible at once, by foreclosure or otherwise and without notice of broken condition; and the principal sum secured by this indenture shall bear interest from the date of said notes, at the rate of seven per centum per annum, until paid. . . . as agreed, assessed and liquidated damages for such default, and this mortgage shall stand as security therefor, and may thereupon be foreclosed to pay the same; and it shall be lawful for the party of the second part at her option to enter into and upon the premises hereby granted, or any part thereof, and to receive all rents, issues and profits thereof."

Said mortgage was subject to a prior mortgage on the same premises given to secure a note for $5,500 bearing interest at the rate of five per cent per annum.

After making said notes and mortgage the notes were endorsed in blank by the payee, Margaret A. Mundy, and three of said notes were acquired by the First National Bank of Lincoln, one by the Lincoln National Bank of Lincoln and

one by Henry Ceymer. Thereafter Walter J. Mundy, the mortgagor and maker of said notes, removed to Medford, Oregon, and Margaret A. Mundy, the mortgagee, removed to Hannibal, Missouri. The annual interest due July 5, 1908, on said notes was paid on or about that date, but the annual interest due July 5, 1909, was not paid at maturity. On August 13, 1909, a telegram was received by the Lincoln National Bank from the Medford National Bank of Oregon, sent at the instance of Walter J. Mundy, which telegram was as follows: "Have remitted you three hundred five dollars to pay note Walter J. Mundy. Mail note to him." On the same day the Medford National Bank mailed to the Lincoln National Bank a draft for $305, which draft was received by the latter bank on August 18 and returned by it to the Medford National Bank with the statement that foreclosure proceedings had been instituted and that anything less than the full amount of indebtedness together with interest, fees and costs accrued to date of payment could not be accepted.

On August 14, 1909, a bill was filed by the Lincoln National Bank in the circuit court of Logan county to foreclose said mortgage, in which said bill said complainant alleged the failure of Walter J. Mundy to pay the interest when the same became due on the principal note for $5,000 held by complainant and that complainant had exercised its option as the holder of said principal note and the coupon interest note to declare the whole of said indebtedness, principal and interest, to be then due and payable, as in said mortgage provided. On October 2, 1909, the First National Bank of Lincoln filed its answer to said bill wherein it alleged, that since the commencement of the suit the said Walter J. Mundy had paid all of the interest due July 5, 1909, on the three principal notes for $5,000 each, then owned by it, and that there was then no interest due or payable on said notes; that upon the nonpayment on July 5, 1909, of the interest due on said notes, it exercised its option under said mortgage to declare the whole of the three principal notes owned by it to be due and payable. Said answer concludes with the prayer

that said First National Bank of Lincoln "be hence discharged with its reasonable cost most unjustly sustained."

On the same day Henry Ceymer filed his answer and cross-bill wherein he alleged the failure of Walter J. Mundy to pay the interest due July 5, 1909, on the note for $5,000 then owned by said Ceymer and that he had exercised his option, under the mortgage, to declare the whole amount of the principal of said note to be due and payable. Said cross-bill prayed for a foreclosure of the mortgage in the usual form.

On October 6, 1909, Walter J. Mundy and his certain co-defendants, who were alleged in the original and cross-bills to have some interest in the mortgaged premises, filed their answer wherein among other things they denied that the Lincoln National Bank had exercised its option to declare the whole amount of the debt, principal and interest, to be due and payable prior to the filing by it on August 14, 1909, of its bill for foreclosure, and alleged a tender to said bank on August 13, 1909, of the sum of $305, being the amount due July 5, 1909, upon the coupon interest note together with interest thereon, the refusal of said bank to accept said tender and that said defendants had paid into court the amount of said tender for the use of said bank. The cause was referred to the master in chancery to take the proofs therein, and upon proofs so taken the cause was heard by the chancellor, and a decree entered dismissing the original and cross-bills for want of equity without prejudice to the complainants therein. Among other findings, not necessary to be here noticed, the decree finds that the coupon interest note due July 5, 1909, was not paid when due and that the Lincoln National Bank on August 13, 1909, declared said indebtedness to be due, and on August 14, 1909, filed its bill to foreclose the mortgage declaring all of the principal and interest due by reason of the failure to pay said coupon interest note when the same became due; that after the filing of said bill the three coupon interest notes representing the interest on three of said $5,000 notes owned by the First National Bank of Lincoln were paid to and accepted by said bank;

that the two coupon interest notes for $300 each owned by the Lincoln National Bank and Henry Ceymer had not been paid or the money therefor tendered to the First National Bank of Lincoln where it was provided in said notes that they should be payable; that there had been deposited with the clerk of the court the sum of $610.75 for the payment of the two coupon interest notes owned by the Lincoln National Bank and Henry Ceymer; that while the principal sum aggregating $25,000 drew interest at six per cent. per annum, as evidenced by the coupon interest notes, the mortgage which secured said notes provided that on the foreclosure thereof, upon the exercise by the mortgagee of her option, in the event of a failure to pay the interest when due to declare the whole indebtedness thereby secured to be due and payable, the principal sum secured thereby should bear interest from the date of said notes at the rate of seven per cent per annum until paid (less any proper credit for money paid) as agreed, assessed and liquidated damages for the default. The decree further finds that the legal effect of said clause in said mortgage was to provide a penalty in addition to the amount due upon said notes and interest thereon; that said penalty could not be enforced by a court of equity and that complainants in the original and cross-bills were not entitled in a court of equity by virtue of said clause in said mortgage to have said principal sum declared due and have said mortgage foreclosed by reason of the failure to pay said coupon interest notes; that while a court of equity will refuse to enforce said forfeiture and foreclose said mortgage it will deal equitably with all the parties to the suit; that the defendant Mundy should pay the amount of the interest coupon notes due to Ceymer and the Lincoln National Bank together with interest thereon at seven per cent from July 5, 1909, to March 8, 1910, and should also pay the costs of the suit; that since the decision of the cause said defendant had deposited with the clerk of the court a sum of money sufficient to pay said interest coupon notes with interest as aforesaid and all the costs of the suit, except complainant's solicitor's fees which were not allowed. From such decree the Lincoln National

Bank and the First National Bank of Lincoln prosecute this appeal.

If the Lincoln National Bank, the complainant in the original bill, had availed itself of its option to declare the whole amount of the principal note for $5000 due and payable by reason of the failure of the maker of said note and of the interest coupon note for $300 due July 5, 1909, to pay said interest coupon note at maturity, and was entitled to file its bill to foreclose the mortgage given to secure said notes, there is nothing in the clause of the mortgage, which was held by the chancellor to provide a penalty which was unenforcible in a court of equity, to preclude said complainant from obtaining a decree of foreclosure for the amount of the principal note and the amount of the interest coupon note with interest on said latter note at the rate of seven per cent per annum. The bill did not specifically seek to enforce the payment of one per cent on the amount of the principal note from its date, which was held by the chancellor to constitute a penalty, and the provision of the mortgage in that respect might have been wholly disregarded and the right to collect such penalty disallowed without affecting the right of the complainant to a decree for the amount due by the terms of the notes.

In Curran v. Houston, 201 Ill. 442, it was said: "Parties may by contract make the time given for the payment of the principal debt, depend upon the prompt payment of the several instalments of interest when due, providing either in the note or mortgage securing the same, that a failure to make payment of any instalment of interest shall work as a forfeiture of the credit, and make the entire debt due at once. Such stipulation that the whole sum shall become due and payable upon default in the payment of the principal or interest is universally held to be legal and valid. It is not objectionable as being in the nature of a penalty or forfeiture, but will be sustained in equity as well as at law. Hoodless v. Reid, 112 Ill. 105; 1 Jones on Mortgages, 5th ed. 76; 1 Pomeroy's Eq. Jur. sec. 439; Kramer v. Rebman, 9 Iowa, 114; Ottawa Northern Plank Road Co. v. Murray, 15 Ill. 337. It is not necessary as a general thing to give the mort-

gagor or debtor personal notice of the intention to exercise the option to make the whole indebtedness become due on failure to pay the interest. The exercise of such an option is indicated by the filing of the bill to foreclose. The determination on the part of the holder of the notes to file a bill for the foreclosure of the trust deed for the entire indebtedness, and causing the same to be prepared and filed in pursuance of such determination is a sufficient election to declare the whole sum due and to entitle him to maintain his bill. Brown v. McKay, 151 Ill. 315; Hoodless v. Reid, *supra;* Sweeney v. Kaufman, 168 Ill. 233."

In Brown v. McKay, 151 Ill. 315, where the option to declare the whole indebtedness due upon default in payment of interest was given to the legal holder or holders of the notes to be exercised in their discretion, and without notice to the mortgagor, it was held that, no formula was required to be observed, nor any particular form of expression necessary to be used for the purpose of declaring the maturity of the whole indebtedness; that the formation of an intention in the mind of the person who has the option to exercise his election to declare the entire debt matured accompanied by any affirmative act or declaration evincing such determination will be sufficient.

It is urged on behalf of appellees that as the mortgage does not expressly provide that the option to declare the principal debt due and payable upon a failure to pay the interest coupon notes at maturity, may be exercised by the assigns of the mortgagee, the right to exercise such option is not available to appellants as the present holders of notes secured by said mortgage. The indebtedness or the note evidencing such indebtedness is the principal thing and the mortgage securing such indebtedness is a mere incident thereto (Carroll v. Tomlinson, 192 Ill. 398; Ogden v. Ogden, 180 Ill. 543), and the rights with reference to such indebtedness accruing to the mortgagee by virtue of the terms of the mortgage are available to the holder of the note secured by such mortgage. Dorn v. Colt, 180 Ill. 397; Cheltenham Imp. Co. v. Whitehead, 128 Ill. 279. The precise question here involved was

determined contrary to the contention of appellees in Bartlett Estate Co. v. Fairhaven Land Co., 49 Wash. 58, 15 L.R.A.(N.S.) 590.

The decree specifically finds that the Lincoln National Bank on August 13, 1909, declared the indebtedness to be due and on the 14th day of said month filed its bill to foreclose the mortgage declaring all of the principal and interest due upon the note by failure to pay the coupon interest note when same became due. By the terms of the notes, both for principal and interest, they were payable at the First National Bank of Lincoln, and it requires no argument to show that payment of interest to the Medford National Bank of Oregon on August 13, 1909, or the mailing by it on that day of a draft to the Lincoln National Bank for the interest due July 5, 1909, did not operate to prevent the exercise by the Lincoln National Bank of its option to declare the principal note due and payable and its right to effectuate such option by filing its bill to foreclose the mortgage. The option having been exercised and effectuated before payment of the interest due, a payment subsequently made did not operate to set aside or annul the option theretofore exercised and effectuated.

The decree of the circuit court is reversed and the cause remanded for further proceedings not inconsistent with the views here expressed.

*Reversed and remanded.*