Abraham N. Geller, J.
This is an action brought by an assignee for the benefit of creditors against the holder of a chattel mortgage on assignor’s equipment to recover the correct amount of surplus remaining after such holder’s sale of the equipment conducted to satisfy the indebtedness secured by the mortgage. The assignee received and returned a check marked *185 in full payment for $4,796.67 purportedly representing the net surplus, demanding payment in addition thereto of the sum of $15,898.46 representing unearned discount on the loan taken by the mortgagee. Plaintiff assignee has now moved for summary judgment and defendant has cross-moved for summary judgment dismissing the complaint.
This loan and security transaction, made in 1965, consisted of a loan to assignor corporation in the sum of $67,025 in exchange for 36 monthly notes for a total of $92,860 secured by a mortgage. Thus, the total interest charges of $25,835 had been divided and included in equal parts in each of the notes. The security agreement contained an acceleration clause. In 1966, when the assignor was in default after repaying $12,900, defendant states that he demanded the entire unpaid balance and as a result the assignor advised that it could not continue the operation of its business, was surrendering possession of the equipment covered by the mortgage, and would be entitled to any surplus after costs and expenses involved. A few days later it made an assignment for the benefit of creditors, and shortly thereafter defendant conducted an auction sale of the equipment, realizing the gross sum of $104,086.25. Included in the amount retained by defendant is the sum of $15,898.46 representing what plaintiff assignee contends is unearned interest from date of acceleration to final date of maturity of the 36th note.
In Franklin Nat. Bank v. Capobianco (51 Misc 2d 30), the court stated that research had uncovered no reported case in this State dealing with this question. In holding that defendant guarantor of the repayment of the bank loan was entitled to a setoff for the prepaid and unearned interest for the remainder of the 15-month period of the loan accelerated by the bank upon borrower’s default, the court relied on the rule stated in Illinois Steel Co. v. O’Donnell (156 Ill. 624) that “the amount of the unearned interest represented by the advance payments must be deducted from the amount of recovery.” It also referred by way of equitable analogy to sections 305 and 408 of the New York Personal Property Law, providing for refund credit to borrowers in installment transactions when the article is repossessed upon acceleration prior to maturity by reason of the buyer’s default.
The rule stated in Illinois Steel Co. v. O’Donnell (supra) appears to be the rule generally followed in the jurisdictions where the question has been decided in reported cases (see, e.g., Heirs of Williams v. Douglass, 47 La. Ann. 1277; Heller & Co. v. Mall, Inc., 267 F. Supp. 343; Burnette v. Realty Trust Co., *186 74 S. W. 2d 586 [Tex.]; Union Cent. Life Ins. Co. v. LaFollette, 44 P. 2d 165 [Oregon]; Sager v. American Investment Co., 170 Ark. 568; Holman v. Hollis, 94 Fla. 614).
In Heirs of Williams (supra, p. 1286) it was stated that “ having exercised the option of the covenant in the mortgage to precipitate the maturity of all the premature instalments of the debt, the mortgagee necessarily assumed the corresponding duty of remitting all the capitalized interest that was unearned at the time of the attempted exercise of that right by the seizure and sale of the mortgaged property ”. In Heller & Co. (supra, p. 346) 'the court said that it was an error to argue that ‘ ‘ the total face amount of a discounted note is collectible even when the holder thereof accelerates payment of the entire unpaid balance of the note.” In Burnette (supra, p. 539) the court held that the proper construction of the term “ whole indebtedness ” used in an acceleration clause was “ the unpaid balance of the principal, and the matured interest up to the time of payment, and not to include any unearned interest at such time. ’ ’
This rule is plain and just. Had the principal of the loan been divided equally into the face amount of the 36 notes with provision in each note for payment of interest from date of loan, acceleration prior to maturity would clearly indicate that all the notes were then due, i.e., the remainder of the principal, with interest from date of loan to the date of accelerated payment only. The mere fact that the total interest is computed in advance and added in equal proportions to and included in the face amount of the notes, as a form of prepaid interest or discount, does not change the equitable principle that the unearned part of the interest must be deducted upon acceleration and payment of an indebtedness prior to maturity.
It should be noted that this is to be distinguished from the situation where it is the borrower who insists on prepaying a loan which has no prepayment clause. In that case the voluntary prepayment is regarded as constituting a new and separate agreement, as to which the lender may request payment of interest to the maturity date of the loan (see Feldman v. Kings Highway Sav. Banh, 278 App. Div. 589).
Plaintiff’s motion is accordingly granted and summary judgment is granted for the sum of $20,695.13, with interest from December 7, 1966. The court finds no substantial triable issue of fact raised as to defendant’s entitlement to the sum of $7,286.04 charged as the auction selling commission, and accordingly defendant’s cross motion is granted with respect to the fifth cause of action. This disposes of all the causes of action in the complaint.