PURITAN FINANCE CORPORATION, Plaintiff-Appellee, v. STEPHEN P. VEST *et al.*, Defendants-Appellants.

First District (2nd Division) No. 86—1368

Opinion filed February 10, 1987.

Nagel & Gyarmathy, Ltd., of South Holland (Ronald G. Nagel, of counsel), for appellants.

Feingold, Lang & Levy, of Chicago (Jay K. Levy, of counsel), for appellee.

JUSTICE STAMOS delivered the opinion of the court:

Defendants-appellants, Stephen P. Vest, Margo S. Vest, and unknown owners (Vests), appeal from the circuit court's granting of plaintiff-appellee's, Puritan Finance Corporation's (Puritan's), motion for summary judgment on Puritan's foreclosure action of the Vests' mortgage in the amount of $58,718.02 plus interest. The foregoing amount is arrived at by adding the debits listed below, attorney fees, costs, and expenses incurred by Puritan.

Defendants, the Vests, entered into a commercial loan agreement with Puritan on January 6, 1984, to finance the purchase of a restaurant. The loan agreement provided for the payment of $71,760 in monthly installments of $1,196. The amount of $71,760 was computed by adding principal of $42,146.20 to interest in the amount of $29,613.80. The principal consisted of the following payments by Puritan: Vests, $35,000; Bank Associates, Inc., $3,500 (balance of Vests'

previous loan); Registrar of Titles, $46; Real Estate Index, $40; Secretary of State, $8; Puritan Finance Corporation, $1,200 (points); Puritan Finance Corporation, $2,332.20 (credit life insurance on Stephen P. Vest). The loan was secured by a real estate mortgage on the Vests' personal residence and a security agreement for equipment and inventory of the restaurant. Stephen Vest and his wife Margo both executed the mortgage agreement, but only Stephen Vest executed the note with his wife Margo signing the note as guarantor.

Payments began on February 6, 1984, and were to continue each month thereafter for 60 months. The Vests made four payments and then defaulted on June 6, 1984, due to the failure of their restaurant. A public auction of the equipment and inventory of the restaurant was held on February 14, 1985, resulting in net proceeds of $12,614.36 which was deducted from the balance due and owed by the Vests.

The Vests offered to pay $41,903.12, using the Rule of 78's, the total balance due less unearned interest. The offer was rejected.

Puritan filed a complaint to foreclose. Puritan made a motion for summary judgment seeking $58,718.02 plus interest and costs. This amount included the cost of credit, $29,613.80, for the original period of the loan.

The sole issue on appeal is whether the Vests are obligated to pay unearned interest upon the acceleration of the maturity of their debt due to default.

■ Defendants argue that as a matter of law Puritan may not charge unearned interest upon the acceleration of the maturity of a debt due to default. In *Illinois Steel Co. v. O'Donnell* (1885), 156 Ill. 624, 632, 41 N.E. 185, a case in which the main issues involved the operation and control of an insolvent corporation, the court held that the amount of unearned interest made in advance payments on notes due should be deducted from the amount owed on default of those notes. The *O'Donnell* case has been cited with approval by several authorities for the proposition that unearned interest must be deducted upon acceleration and payment of indebtedness prior to maturity. *Berman v. Schartz* (1968), 59 Misc. 2d 184, ___, 298 N.Y.S.2d 185, 186-87; 63 A.L.R.3d 10 (1975); see *A to Z Rental, Inc. v. Wilson* (10th Cir. 1969), 413 F.2d 899, 909.

■ It is evident that the cases cited above stand for the proposition that lenders may not charge borrowers unearned interest because it is inequitable and constitutes a penalty. The case of *Lanier v. Associates Finance, Inc.* (1986), 114 Ill. 2d 1, does not contradict this conclusion. In *Lanier*, the plaintiff borrower paid the balance of her installment note prior to its due date and received a credit against the total

amount of interest due on the note. The plaintiff alleged, however, that when a borrower prepays a loan, under the Rule of 78's, that person receives a lower refund of unearned interest than a person would receive if interest was computed under the actuarial method and that this reduced-interest rebate constitutes a penalty which must be disclosed to the consumer under Federal law. The court reviewed a Federal Reserve Board's finding that the lower rebate of unearned interest resulting from the use of the Rule of 78's to compute accrued interest was not a penalty. The court found that this finding was rational and therefore adopted the Board's position as its own. In *Lanier*, the lender did not charge the borrower unearned interest accruing *after* prepayment of the balance of the loan; it merely charged the borrower interest accruing *prior* to his prepayment of the loan using the Rule of 78's as the method of calculating such earned interest.

The Vests cite the general rule enunciated in the annotation found in 63 A.L.R.3d 10 (1975) that as a general matter a holder of commercial paper is not entitled to collect or retain unearned interest when the maturity of the obligation is accelerated because of the debtor's default. Puritan alleges, however, that the annotation only applies to consumer loans and not to "business" loans.

■ A review of the cases cited in the annotation reveals that courts have ruled in both consumer and commercial transactions that a lender may not charge a borrower for unearned interest. The annotation cites *Chicago Title & Trust Co. v. Kearney* (1935), 282 Ill. App. 279, and *Illinois Steel Co. v. O'Donnell* (1885), 156 Ill. 624, 41 N.E. 185 (Annot. 63 A.L.R.3d sec. 3(a), at 18-20 (1975)), as supporting its general rule. Puritan cited no authority which supports its contention that business loans should be dealt with differently than consumer loans on this issue. The purpose of the rule is to prevent a borrower from being unfairly charged with interest on money which the borrower does not hold. To allow a lender to reap a double benefit by charging a defaulted borrower for interest on money he no longer has and charging interest on that same principal to another borrower is clearly an unjust enrichment. The fact that the loan is for a business purpose does not have any independent significance because the basic unfairness of charging unearned interest is not remedied.

For the foregoing reasons, we reverse the trial court's order granting summary judgment and remand the cause to the circuit court of Cook County for further proceedings.

Reversed and remanded.

HARTMAN and BILANDIC, JJ., concur.