**JUSTINE REALTY COMPANY,**
Appellant,

v.

**AMERICAN NATIONAL CAN
COMPANY, Appellee.**

No. 90–3067.

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1992.

Decided Sept. 11, 1992.

Allen S. Boston, St. Louis, Mo., argued (Robert J. Golterman, on the brief), for appellant.

Michael A. Kahn, St. Louis, Mo., argued (Daniel G. Vogel, on the brief), for appellee.

Before FAGG and BEAM, Circuit Judges, and BATTEY,* District Judge.

BEAM, Circuit Judge.

This is an appeal from a decision holding an acceleration clause in a settlement agreement to be an unenforceable penalty. Based on this decision holding the acceleration clause to be void, the district court also decided that appellant was not entitled to attorneys' fees even though the settlement agreement provided for expenses incurred to enforce the acceleration clause. 745 F.Supp. 1493. We reverse and remand to the district court for further proceedings consistent with this opinion.

* The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

# I. BACKGROUND

This case involves a settlement agreement entered into by Justine Realty Company ("Justine") and American National Can Company ("American") in 1984. The facts of this case are not in dispute; Justine and American entered into a joint stipulation of facts which was adopted by the district court. A summary of the relevant facts follows.

American and its predecessors have leased a building from Justine and its predecessors since 1960. In November of 1967, the parties, or their predecessors, signed an Option Agreement setting the yearly rental payment on the property at $215,400.00 through January 1, 1987. This rental amount was payable in equal monthly installments of $17,950.00. The lease was to expire in 1987, but under the Option Agreement, American retained an option to extend the lease for ten (10) years at $107,-700.00 per year; fifty percent less than the original yearly rental payment on the property. American attempted to exercise this option, and two lawsuits ensued; one filed by American, and the other by Justine.

In settlement of these lawsuits, the parties negotiated, and entered into the 1984 Settlement Agreement and Release ("Settlement Agreement"). Justine originally proposed that the lawsuits be settled by modifying the lease under the Option Agreement to provide for yearly rental payments of $215,400.00 through January 31, 1997. In effect, Justine proposed granting the extension under the Option Agreement but not reducing the yearly rental. For reasons of its own, American rejected this proposal, and suggested an alternative agreement whereby American would pay Justine the equivalent of an additional $107,700.00 per year, and the Option would stand as written with a lease payment of $107,700.00 per year. American's total payments to Justine would equal $215,400 per year, the amount of the yearly rental on the property prior to the renewal term, but the Option Agreement would not be modified.

The relevant provision of the Settlement Agreement provides as follows:

IV.A. On the fifteenth day of each month beginning on February 15, 1987 and continuing through January 15, 1990, American shall pay Justine $7,691.67. On the fifteenth day of each month beginning on February 15, 1990 and continuing through January 15, 1994, American shall pay Justine $9,358.33. On the fifteenth day of each month beginning on February 15, 1994 and continuing through January 15, 1997, American shall pay Justine $11,-025.00. The foregoing payments shall be deemed made when received by Justine. In the event that Justine does not receive a monthly payment before the twentieth day of the month in which the payment is due, Justine shall give American written notice thereof by certified mail return receipt requested, and if Justine has not received such payment within twelve days after receipt of such notice by American, the full amount of all remaining payments under this paragraph shall become immediately due, payable and collectable, without notice, and American shall pay Justine all Justine's costs of collection including reasonable attorneys' fees.

IV.B. Each monthly payment that is payable pursuant to Paragraph IV.A. hereof that is not paid when due shall bear interest at an annual rate equivalent to the prime rate, described in the *Wall Street Journal* as the base rate on corporate loans at large U.S. money center commercial banks, on the due date of such payment. Interest charges shall begin to run from the first date upon which Justine gives oral notice to or written notice is received by the real estate manager of American, or other employee in American's real estate department in the real estate manager's absence, that any payment hereunder has not been received, and shall accrue only for the days that the payment remains unpaid....

Pursuant to the terms of the Settlement Agreement, American received notice on February 29, 1988, that Justine had not received the February 15, 1988, payment. American then had twelve (12) days from

February 29, 1988, to make the required payment. American failed to make the payment within the twelve-day grace period, and did not tender payment until March 17, 1988, five days after the deadline of March 12, 1988, and thirty-one days after the February 15, 1988, due date. Justine rejected American's late payment of the $7,691.67 on March 17, 1988, and by certified letter dated March 18, 1988, demanded payment of all remaining installments under the Settlement Agreement, as well as interest on the accelerated amount and costs of collection, including reasonable attorneys' fees. The remaining payments, from the missed February payment through January of 1997, totaled $1,030,-699.92. During the course of the litigation, the parties entered into a mitigation agreement under which American continued to pay monthly installments.

The district court ruled in favor of American, characterizing the Settlement Agreement as a lease, and finding the acceleration clause to be an unenforceable penalty under Illinois law. The district court also refused to award Justine attorneys' fees under Article IV.A. of the Settlement Agreement. Justine has appealed these rulings.

## II. DISCUSSION

■ Acceleration clauses are widely recognized and enforceable under Illinois law. *Continental Nat'l Bank v. Schiller*, 89 Ill.App.3d 216, 44 Ill.Dec. 471, 473, 411 N.E.2d 593, 595 (1980) (acceleration of an installment loan); *Plasti–Drum Corp. v. Ferrell*, 70 Ill.App.3d 441, 26 Ill.Dec. 723, 731, 388 N.E.2d 438, 447 (1979) (acceleration of a promissory note); *Curran v. Houston*, 201 Ill. 442, 66 N.E. 228 (1903) (acceleration of a deed of trust note). An acceleration clause sets the damages due at the time of default as the amount attributable to the principle in the remaining periodic payments. As long as the accelerated sum is an ascertainable amount, an acceleration clause does not constitute a liquidated damages provision. *See, Papo v. Aglo Restaurants of San Jose, Inc.*, 149 Mich.App. 285, 386 N.W.2d 177, 181 (1986).

### 1. Lease

■ The district court characterized the Settlement Agreement as most closely akin to a lease. We find this designation by the district court to be erroneous. Justine had initially proposed that the lease be modified to reflect the new agreement between the parties, and American refused. In lieu of a modification of the lease, American suggested the payment arrangement at issue in this case. American cannot characterize this agreement as a modification of the lease for litigation purposes when it explicitly refused to modify the lease during the negotiation of the Settlement Agreement. Rather than a lease, this agreement most closely resembles a debtor-creditor relationship with the defendant agreeing to pay Justine a sum certain broken down into periodic payments that include interest.

The language of the Settlement Agreement makes no mention of the lease, or more significantly, of the underlying property. If this Settlement Agreement were truly a lease, Justine would have recourse to the property as a remedy for American's breach of its covenant to pay under the agreement. The underlying lease on the property contains the following remedies for failure to pay rental installments:

9. In the event Lessee fails to pay when due any installment of rent provided herein or any other amount which Lessee is required hereby to pay to Lessor or any third party, or in the event Lessee fails to keep and perform promptly and faithfully any covenant or agreement of Lessee herein contained, Lessor may enforce the performance of this lease in any manner provided by law, and this lease may be terminated at Lessor's discretion if such failure or default continues for a period of ten (10) days after Lessor notifies Lessee in writing of such default or failure.... Upon termination of this lease, Lessor ... shall have the right, without further notice or demand, to re-enter the leased premises and remove all persons and Lessee's property therefrom without being deemed guilty of any manner of trespass
....

In contrast, there is no mention of any right of eviction or any other usual lease remedy in the Settlement Agreement. Justine's remedies for a breach of the Settlement Agreement are limited to collection of interest or to acceleration of the Settlement Agreement debt, and do not reach to the underlying property, or to moneys due under the lease.

### 2. Penalty

■ The district court, based on its understanding of th‥ ˢ₊ttlement Agreement as a lease, held th‥ ⸏ *Tiernan v. Hinman*, 16 Ill. 400 (1855) controlled the outcome in this case. Despite our finding that this Settlement Agreement is more closely akin to installments on a loan than to lease payments, we agree that *Tiernan* is relevant law. However, the district court misinterpreted *Tiernan*. The Illinois Supreme Court ruled, in *Tiernan*, that an acceleration of payments without an appropriate deduction of implied interest constitutes a penalty; not that acceleration itself constitutes a penalty. *Id.* at 402. *See also, Hoodless v. Reid*, 112 Ill. 105, 1 N.E. 118, 120 (1885) (*Tiernan* does not stand for the proposition that acceleration of a mortgage in accordance with a contractual acceleration clause is a penalty). Whether a contract provision is a penalty is a question of law which we review *de novo*. We find, under Illinois law, the acceleration clause in this Settlement Agreement does not constitute a penalty, and therefore may be enforced under Illinois law.

In *Tiernan*, the parties entered into a mortgage agreement which required yearly payments with no interest, and provided for acceleration of the outstanding balance if payment was not received when due.

> The mortgage deed contains a proviso, that if the money and each installment thereof should not be paid when the same and each of them should become payable, that then, the whole moneys in said mortgage mentioned, and every installment thereof, should immediately become due; and that thereupon said Hinman might proceed to sell the mortgaged premises to pay the whole amount.

*Tiernan*, 16 Ill. at 401. The mortgagor, in *Tiernan*, missed a payment because a cholera epidemic suspended business in Chicago. Due to the mortgagor's breach, and as per the contract, the mortgagee invoked the acceleration clause, and proceeded to list the property for sale, without notice to the mortgagor.

The Illinois Supreme Court refused to enforce the acceleration clause on two grounds, neither of which prevent enforcement of the Settlement Agreement in the case before us. First, the court called the mortgage provision that the "whole sum shall become due upon failure to pay any one of the installments *on the day*, a provision *in terrorem* and in the nature of a penalty...." *Tiernan*, 16 Ill. at 401 (emphasis original). In the Settlement Agreement before this court, however, the payments do not accelerate *the day* payment is due; instead there is a notice provision, and a seventeen-day grace period. Therefore, the Settlement Agreement is clearly distinguishable from the mortgage at issue in *Tiernan*.

Second, the *Tiernan* court held that an acceleration of the entire debt, without a rebate of the interest inherent to the installments not yet due, constituted a penalty. The court stated:

> [T]he proviso, if operative, works a forfeiture of the use of the money for the period of credit provided for, which use, or credit, is of the substance and essence of the contract, has a legal value, and is capable of ascertainment by computation. To deprive the mortgagor, then, of this credit, without a rebate of interest, is to take from him without consideration so much money as the interest on the installments not due, for the periods they respectively run, amounts to.
>
> This can be nothing else than a penalty which equity will always relieve against.

*Tiernan*, 16 Ill. at 402. Even though the mortgage did not mention interest, and merely fixed annual sums to be paid, the court found that these annual payments contained an interest component. The court further found that an acceleration of the debt, without a corresponding present

value discount, would result in a forfeiture of the interest, and that such a forfeiture would be a penalty under Illinois law. *See also, Puritan Finance Corp. v. Vest,* 152 Ill.App.3d 625, 105 Ill.Dec. 628, 630, 504 N.E.2d 913, 915 (1987) (unearned interest must be deducted upon acceleration and payment of indebtedness prior to maturity); *Illinois Steel Co. v. O'Donnell,* 156 Ill. 624, 41 N.E. 185 (1895) (same); *Hoodless v. Reid,* 112 Ill. 105, 1 N.E. 118 (1885).

■ Under established Illinois law, the acceleration of American's monthly installment payments must include a deduction for that sum which is attributable to interest. The payments under the Settlement Agreement increase over time, from $7,691.67 per month for the first three years, to $9,358.33 per month for the next four years, to a maximum payment of $11,025.00 per month for the last three years of the agreement. Justine characterized these payments as the "equivalent of $107,700.00" per year. We find, therefore, that payments due under the Settlement Agreement include a time-value component. If the district court determines on remand that the acceleration clause should be enforced in this case, American will be liable to Justine for the total of the accelerated payments minus a deduction for the interest intrinsic to those payments. A computation of this intrinsic interest will be an issue for the district court to resolve on remand. American also will be entitled to a setoff for any payments made under the mitigation agreement.

### 3. Materiality of Breach

■ The district court also relied on the rationale set out in *Lake River Corp. v. Carborundum Co.,* 769 F.2d 1284 (7th Cir. 1985) to find the acceleration clause unenforceable. The court's reliance on *Lake River* was misplaced. *Lake River* involved a suit to enforce a minimum guarantee provision, and a determination of whether that provision constituted a penalty. The contract between the parties in *Lake River* provided in part:

CARBORUNDUM shall, during the initial three-year term of this Agreement, ship to LAKE RIVER for bagging a minimum quantity of [22,500 tons]. If, at the end of the three-year term, this minimum quantity shall not have been shipped, LAKE RIVER shall invoice CARBORUNDUM at the then prevailing .rates for the difference between the quantity bagged and the minimum guaranteed.

*Id.* at 1286. In finding this minimum guarantee clause to be a penalty, rather than a liquidated damages clause, the Seventh Circuit held that under Illinois law:

When a contract specifies a single sum in damages for any and all breaches even though it is apparent that all are not of the same gravity, the specification is not a reasonable effort to estimate damages; and when in addition the fixed sum greatly exceeds the actual damages likely to be inflicted by a minor breach, its character as a penalty becomes unmistakable.

*Id.* at 1290. While the above-quoted language may be an accurate statement of the law in Illinois, the Settlement Agreement provision at issue in this case does not specify a single sum of damages for all breaches regardless of gravity, and therefore *Lake River* is not controlling authority.

Article IV of the Settlement Agreement provides two remedies for breach of the Agreement. Article IV.A. of the Settlement Agreement provides for acceleration, and Article IV.B. provides for interest on any payment tendered after the due date, but before the acceleration date. Thus, there are two measures of damages under the Settlement Agreement: payment with interest, and acceleration. Payment with interest is available as a remedy for the breach of failure to pay an installment at the specified date, when that failure is cured in a timely manner. The remedy of acceleration is available only for the more substantial breach of a failure to pay an installment at the specified date, coupled with a subsequent failure to cure within the window of time designated in the Settlement Agreement for timely cure. The Settlement Agreement clearly differentiates between the remedy of acceleration

and the remedy of interest. Therefore, the Settlement Agreement does not "specify a single sum in damages for any and all breaches" and *Lake River* does not prevent the enforcement of the acceleration clause.

█ Settlement agreements are generally encouraged and favored by the courts. In the absence of mistake or fraud, a settlement agreement will not be lightly set aside. *McCracken Contracting Co. v. R.L. DePrizio & Assocs. Inc.*, 122 Ill. App.3d 680, 78 Ill.Dec. 563, 566, 462 N.E.2d 682, 685 (1984). The parties seem to have defined minor and material breaches of their agreement through the differing remedies available in the event of breach. This agreement was the product of negotiations between the parties, and there are no allegations of fraud or unfairness. Therefore, with the proviso that Illinois law requires a subtraction of any inherent interest from the accelerated total of the debt, we see no reason not to enforce the acceleration clause as written. However, since the district court made no specific finding of materiality, we remand for a determination of whether American's breach of the Settlement Agreement was material.

Under Illinois law, failure to pay an installment when due frequently has been found to be a material breach of a contract. *Fireman's Fund Mortgage Corp. v. Zollicoffer*, 719 F.Supp. 650, 655 (N.D.Ill.1989) (failure to make installment payments on mortgage found to be material); *F.E. Holmes & Son Const. Co., Inc. v. Gualdoni Elec. Servs., Inc.*, 105 Ill.App.3d 1135, 61 Ill.Dec. 883, 435 N.E.2d 724, 727 (1982) (failure to make installment payments as provided in construction contract found to be material); *Brady Brick & Supply Co. v. Lotito*, 43 Ill.App.3d 69, 1 Ill.Dec. 844, 848, 356 N.E.2d 1126, 1130 (1976) (same); *Watson v. Auburn Iron Works, Inc.*, 23 Ill. App.3d 265, 318 N.E.2d 508, 511 (1974) (same). There is, however, no absolute rule under Illinois law, and the courts apply a totality of the circumstances test. *Heritage Bank & Trust Co. v. Abdnor*, 906 F.2d 292, 301 (7th Cir.1990); *Sahadi v. Continental Illinois Nat'l Bank and Trust Co.*, 706 F.2d 193 (7th Cir.1983). In cases where a timely payment requirement was found to be "accessory rather than central" the courts have found a late payment to be a non-material breach. *Chariot Holdings Ltd. v. Eastmet Corp.*, 153 Ill. App.3d 50, 106 Ill.Dec. 285, 505 N.E.2d 1076, 1082 (1987); citing, *Sahadi*, 706 F.2d at 198; *see also, Village of Fox Lake v. Aetna Cas. & Sur. Co.*, 178 Ill.App.3d 887, 128 Ill.Dec. 113, 534 N.E.2d 133 (1989).

While the district court appears, by implication, to have found American's breach to be material; its opinion does not make any specific findings on the matter. Since the only obligation under this agreement is timely payment, and this case involves a relatively short time period of nonpayment, the district judge, on remand, should make a specific determination on this issue, keeping in mind the impact the decision will have on the contract as a whole and the acceleration clause in particular. *See Sahadi*, 706 F.2d at 197.

### 4. Attorneys' Fees

█ Under Illinois law, "the decision to award or deny prejudgment interest as an element of recoverable damages is committed to the discretion of the trial judge" and is reviewable only for an abuse of that discretion. *Ross–Berger Co., Inc., v. Equitable Life Assur. Soc'y*, 872 F.2d 1331, 1339 (7th Cir.1989). The allocation of costs and award of attorneys' fees are similarly reviewed for an abuse of discretion. Because we find that the district court relied on an erroneous legal position, we reverse the district court's refusal to award attorneys' fees and we remand this issue to the district court. The attorneys' fees provision in the Settlement Agreement entitled Justine to recover its "cost of collection" of the accelerated payments. Therefore, if the district court decides, on remand, that the acceleration clause should be enforced, an award of attorneys' fees will be appropriate.

### III. CONCLUSION

For the reasons stated above, we reverse the judgement of the district court, and

remand for further proceedings consistent with this opinion.