### In re OUACHITA PALLET CORP.

**Bankruptcy No. 97–11207 S.**

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Sept. 1, 1998.

M. Randy Rice, Little Rock, AR, for Plaintiff or Petitioner.

Phillip J. Foster, Eugene D. Bramblett, Camden, AR, for Defendant or Respondent.

### ORDER OVERRULING OBJECTION TO TRUSTEE'S PLAN OF DISTRIBUTION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the "Objection of Gross & Janes, Inc. to Trustee's Amended Motion to Distribute Proceeds to Secured Creditors" filed on April 23, 1998, and the "Precautionary Objection by First Bank" filed on April 23, 1998. The

parties dispute the propriety of the trustee's "Amended Motion to Confirm the Sale of Real Property and Personal Property Free and Clear of Liens, to Pay Trustee Commission and Expenses and to Distribute Proceeds to Secured Creditors."

Sale of equipment and real property of the estate was held on November 20, 1997, and the report of sale was filed on December 23, 1997. Although two parties, First Bank of South Arkansas ("First Bank") and Gross & Janes, Inc., disagreed as to their respective lien priority on numerous items of property, they agreed that the property should be sold free and clear of liens and that the disputes could later be resolved in the context of the trustee's motion to distribute the proceeds of the sale. At the sale, Gross & Janes bid on certain items of property, including Lot No. 5, a Drum Debarker valued at $7,000.

Following the sale, the parties entered into negotiations and agreed to distribution of the proceeds of the sale. The trustee was favored with copies of the negotiations culminating in a list of the items and a division of the proceeds. The trustee takes this settlement into account in his motion to confirm the sale and to distribute proceeds. Gross & Janes subsequently filed an objection asserting that the trustee's proposed distribution did not take the settlement into account. Gross & Janes asserts that First Bank is entitled to a cash distribution of $22,325, ownership of the Drum Debarker, and the transfer of the credit bid of $7,000 from Gross & Janes to First Bank. Gross & Janes also asserts that it should receive $14,480, less its allocation of the administrative expenses.

 It is well settled that settlement contracts, absent fraud or genuine mutual mistake, will be upheld. *Southern Farm Bureau Life Ins. Co. v. Burney,* 590 F.Supp. 1016 (E.D. Ark.1984) Due to court preference for settlements, "one who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity...." *Boyd v. Larco–Industrial Painting Corp.,* 356 F.Supp. 917, 922 (W.D.Ark.1973)(quoting *Callen v. Pennsylvania R. Co.,* 332 U.S. 625, 630, 68 S.Ct. 296, 92 L.Ed. 242 (1948); *Accord In re North Broadway Funding Corp.,* 34 B.R. 620 (Bankr. E.D.N.Y.1983); *Justine Realty Co. v. Ameri-*

*can National Can Co.,* 976 F.2d 385, 391 (8th Cir.1992). An agreement will not be set aside because one party later decides it is disadvantageous. *Worthy v. McKesson Corp.,* 756 F.2d 1370, 1373 (8th Cir.1985).

 In the instant case, the stipulated exhibits and facts reveal that the parties agreed to a specific distribution of proceeds with regard to particular items of equipment. Although the parties could have incorporated, or otherwise taken into account, the particular bids and credits made at the sale, they did not do so. Rather, the parties allocated proceeds. It is not for the Court to deny confirmation of the sale or the settlement because one party did not negotiate or require a provision to take into accounts its actions taken prior to the settlement. Accordingly, it is

**ORDERED** as follows:

1. The "Objection of Gross & Janes, Inc. to Trustee's Amended Motion to Distribute Proceeds to Secured Creditors" filed on April 23, 1998, is Overruled.

2. The "Precautionary Objection by First Bank of South Arkansas to the Trustee's Amended Motion to Confirm the Sale of Real Property and Personal Property Free and Clear of Any Liens, to Pay Trustee Commission and Expenses and to Distribute Proceeds to Secured Creditors" filed on April 23, 1998, is Moot.

3. The trustee shall prepare an order granting his Amended Motion to Confirm the Sale of Real Property and Personal Property Free and Clear of Liens, to Pay Trustee Commission and Expenses and to Distribute Proceeds to Secured Creditors." The proposed Order shall be served on the objecting parties, First Bank and Gross & Janes, within ten (10) days of entry of this Order. Five days thereafter, the Order shall be submitted to the Court for signature. If either First Bank or Gross & Janes has further objection to the proposed Order, that party shall notify the Court within the fifteen (15) days of entry of this Order Overruling the Objection.

**IT IS SO ORDERED.**